GOTTFRIED KRUEGER BREWING COMPANY, a corporation, complainant-respondent,

*v.*

HOME BREWERY, INCORPORATED, a corporation, defendant-appellant.

[Decided January 5th, 1934.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Berry, who filed the following opinion:

"The original motion was directed to all of the answer except that designated as the 'third separate defense' and was disposed of by a letter addressed to counsel of which the pertinent part is as follows:

" 'The right of the complainant on this motion is dependent upon whether or not the so-called "fiscal agreement" is a part of the bond and mortgage to the extent that the mortgagee complainant is responsible for the raising of funds with which it was proposed to pay the interest and principal as they became due, or whether the obligation of the mortgagor is dependent upon the performance of the fiscal agreement. My conclusion is that it is not and that all portions of the answer to which this motion is directed should be stricken. The defenses of waiver of interest and extension of the due

date are intermingled with other defenses and with portions of the answer to which this motion is addressed; but the same defenses appear to be set up in the "third separate defense" as to which no motion is made. Should defendant conceive that such defense is not there sufficiently set forth, leave will be given to amend as he may be advised within five days of the entry of the order on this motion. The portions of the answer to which the present motion is directed will be stricken.'

"Afterward, pursuant to stipulation of counsel that the notice of motion to strike should be considered as directed to all of the amended answer, the motion was again considered with the result that I advised the conditional order of June 20th, 1933, from which an appeal has now been taken and which appeal necessitates the writing of this memorandum. On the reargument, although an issue of fact was raised by the 'third separate defense,' I was convinced that that defense had been interposed only for the purpose of delay and that there was no real merit in it. In order to test this theory or suspicion, I suggested that, the cause being at issue, I would permit this portion of the answer to stand only on condition that the defendant would consent to an immediate order of reference and early final hearing before or during vacation, suggesting a date approximately two weeks later for such final hearing. To this suggestion defendant's counsel, in open court, refused to accede. The order appealed from was then advised. The mortgage, and consequently the complainant's interest, is large, while the defendant's investment is comparatively insignificant. I consider the tactics of the defendant as conclusively demonstrating its lack of faith in its defense and its unwillingness to put it to the test of a final hearing. Apparently the defendant's sole object is an opportunity to speculate with the mortgaged premises at the expense of the complainant."

*Mr. Abraham J. Isserman,* for the appellant.

*Mr. Edward R. McGlynn,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Berry in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.